**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guillermina Medina, | No. CV-24-00467-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Tolleson Elementary School District No. 17, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Judgement on the Pleadings. (Doc. 13). The Motion is fully briefed. (Docs. 16; 17). For the following reasons, the Court grants in part, and denies in part, the Motion.

## I.  BACKGROUND

Plaintiff, Guillermina Medina, a schoolteacher, was previously employed by Defendant Tolleson Elementary School District No. 17 ("TESD"). In December 2021, Plaintiff begun voicing her questions and disapproval of Defendant TESD's allocation of Federal COVID-19 related funding, along with other State of Arizona resources for teachers and students. In Plaintiff's words, the allocation appeared to be "illogical, unethical, and illegal." (Doc. 1) exhibit 4 at ¶ 26. Additionally, Plaintiff believed Defendant TESD was failing to take appropriate action to ensure equal participation of the "English Language Learning Students," and failing to meet the "English Language Development standards," as required by law.

Plaintiff began to make her concerns known to different individual employees at

TESD. These individuals include Defendant Dr. Myriam Roa, the Executive Director of Business, Defendant Cathey Mayes, the Human Resource Administrator, and other members of the TESD Board ("Governing Board"). At these meetings, Plaintiff would discuss the various issues she believed to be occurring regarding the expenditure of the government funding.

In November or December of 2022, TESD sent Plaintiff an email asking her to confirm whether she intended to return for the following school year. Plaintiff confirmed that she did so intend. However, on January 26, 2023, Defendant Mayes met with Plaintiff to advise Plaintiff that her contract would not be renewed for the 2023-2024 school year. At that meeting, Plaintiff was given the option to resign to avoid having her name added to a list for non-renewal. Plaintiff was informed that the decision was based on Plaintiff not supporting TESD and "being negative." (Doc. 1) exhibit 4 at ¶ 46.

Four days after the meeting with Defendant Mayes, Plaintiff was delivered a note from Defendant Dr. Lupita Hightower, the TESD Superintendent, which provided formal notice of Defendant Hightower's recommendation to the Governing Board to not renew Plaintiff's contract, citing Plaintiff's violations of staff ethic policies.

The Governing Board held a regular public meeting on January 1, 2022. Numerous members of the public made comments in support of Plaintiff during the public participation portion of the meeting. Additionally, a petition with over two-hundred signatures was submitted asking the Governing Board to reconsider their decision not to renew Plaintiff's contract. Nevertheless, the Governing Board elected not to renew Plaintiff's contract.

On or about August 24, 2023, Plaintiff filed a Complaint against Defendant TESD Governing Board in the Superior Court of Maricopa County. (Doc. 1). An Amended Complaint added Defendants TESD, Roa, Mayes, and Hightower to the suit. Defendants timely filed to remove the case to this Court on March 5, 2024. On August 29, 2024, Defendants filed the present Motion for Judgement on the Pleadings, which the Court will now review.

1    ## II.    LEGAL STANDARD

2    Under Rule 12(c), any party may move for judgment on the pleadings "after the

3    pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c).

4    The pleadings are closed once a complaint and an answer have been filed. <u>See</u> Fed. R. Civ.

5    P. 7(a); <u>see also</u>, <u>Doe v. U.S.</u>, 419 F.3d 1058, 1061 (9th Cir. 2005). A motion for judgment

6    on the pleadings is functionally identical to a motion to dismiss brought under Rule

7    12(b)(6)—the same legal standard applies. <u>See Cafasso v. General Dynamics C4 Sys., Inc.</u>,

8    637 F.3d 1047, 1055 n.4 (9th Cir. 2011); <u>see also</u>, <u>Hutton v. XPO Logistics Freight Inc.</u>,

9    No. CV-23-00805-PHX-DJH, 2025 WL 264208, at *1 (D. Ariz. 2025) ("Rules 12(b)(6)

10   and 12(c) are substantially identical.") (citations omitted).

11   A pleading must contain "a short and plain statement of the claim showing that the

12   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must "put defendants

13   fairly on notice of the claims against them." <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th

14   Cir. 1991). While Rule 8 does not demand detailed factual allegations, "a complaint must

15   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

16   on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl.</u>

17   <u>Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

18   plaintiff pleads factual content that allows the court to draw the reasonable inference that

19   the defendant is liable for the misconduct alleged." <u>Id.</u> "Threadbare recitals of the

20   elements of a cause action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

21   Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) "can be based

22   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

23   cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

24   1990). In evaluating a motion to dismiss, a court will "accept the factual allegations of the

25   complaint as true and construe them in the light most favorable to the plaintiff." <u>AE ex rel.</u>

26   <u>Hernandez v. Cnty. of Tulare</u>, 666 F.3d 631, 636 (9th Cir. 2012).

27   ///

28   ///

## III.    CLAIMS AGAINST DEFENDANT TESD GOVERNING BOARD

Plaintiff's claim against the TESD Governing Board must be dismissed, as the Governing Board cannot be sued in its own name. In Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff conceeds that such claims should be dismissed. (Doc. 16) at 2.

Both TESD and the TESD Governing Board are named as Defendants in this action. Arizona Law allows the TESD Governing Board to be sued only in TESD's name. A.R.S. § 15- 326 ("[t]he governing board of a school district shall [be sued] in the district name"). Therefore, Defendants' Motion for Judgement on the Pleadings as to Defendant TESD Governing Board is granted.

## IV.    CLAIMS AGAINST INDIVIDUAL DEFENDANTS

Defendants' Motion for Judgement on the Pleadings state that the claims against individual defendants are both duplicative as to the claims against Defendant TESD and barred by qualified immunity. The First Amended Complaint states that each of the individual defendants, Defendant Mayes, Defendant Roa, and Defendant Hightower, are being sued both individually and in their official capacity. (Doc. 1) exhibit 4 at ¶¶ 5, 7, 9. Plaintiff additionally alleges that each individual defendant was acting within the course and scope of their duties as District employees, under the color of state law, at all relevant times. Id. at ¶¶ 12, 13.

## A. CLAIMS AGAINST INDIVIDUAL DEFENDANTS IN THEIR OFFICAL CAPACITY

Defendants assert that claims against Defendants Mayes, Roa, and Hightower in their official capacity are duplicative of Plaintiff's claims against Defendant TESD. Plaintiff responds that case law dictates that when an individual is named in both their official and individual capacity, then the Court must not dismiss the official capacity claim for being duplicative.

An official capacity suit against a municipal officer is equivalent to a suit against the entity. Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't, 533 F.3d

780, 799 (9th Cir. 2008) (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 165–66 (1985)). The Court in <u>Ctr. For Bio-Ethical Reform</u> goes on to state that "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." <u>Id.</u> Plaintiff takes this to indicate that when claims are brought against individuals in *both* their individual *and* their official capacity, then the claims against the individuals in their official capacity cannot be dismissed as duplicative as the claims against a defendant entity.

The Court disagrees. The Supreme Court, in <u>Kentucky v. Graham</u>, made clear that "[so] long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . It is not a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 165-66 (citing <u>Brandon v. Holt</u>, 469 U.S. at 471-472) (<u>see also</u>, <u>Melendres v. Arpaio</u>, 784 F.3d 1254, 1260 (9th Cir. 2015). The qualifier Plaintiff points to from <u>Ctr. For Bio-Ethical Reform</u> simply means that that the claim brought against a defendant in their individual capacity should not dismissed due to the official capacity claim being duplicative.

In the alternate, Plaintiff argues that the <u>Ex Parte Young</u> exception applies. This exception states that when a Plaintiff seeks "prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes. <u>Flint v. Dennison</u>, 488 F.3d 816 (9th Cir. 2007) (citing <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 n. 10 (1989)). While it is true, there is a narrow exception to the rule dictated in <u>Graham</u>, it does not apply in the instant case. The Plaintiff is the master of her own complaint. Nowhere in the complaint does the Plaintiff request prospective relief, nor will the Court write in such a claim for relief considering the lack of any plead facts indicating an ongoing violation of federal law.

Therefore, Plaintiff's Motion for Judgement on the Pleadings as to the individual Defendants named in their official capacity is granted.

///

**B.  CLAIMS AGAINST INDIVIDUAL DEFENDANTS IN THEIR INDIVIUDAL CAPACITY**

Defendants assert that the individually named Defendants, when named in their individual capacity, are entitled to qualified immunity. It is well-established that qualified immunity gives "government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." Behrens v. Pelletier, 516 U.S. 299, 308 (1996). Qualified immunity is an immunity from suit, distinct from the merits of the underlying claim. The Supreme Court has counseled the federal district courts to resolve the issue of qualified immunity at the earliest possible point in litigation, because the entitlement to qualified immunity "is an immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 555 U.S. 223, 231-32 (2009)

Under long standing Supreme Court precedent, government officials enjoy qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In deciding if qualified immunity applies, the Court must determine: (1) whether the facts alleged show the defendant's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation. Pearson, 555 U.S. at 232 (courts may address either prong first depending on the circumstances in the particular case).

Whether a right was clearly established must be determined "in light of the specific context of the case, not as a broad general proposition." Saucier v. Katz, 533 U.S. 194, 201 (2001). The plaintiff has the burden to show that the right was clearly established at the time of the alleged violation. Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002); Romero v. Kitsap Cnty., 931 F.2d 624, 627 (9th Cir. 1991). Thus, "the contours of the right must be sufficiently clear that at the time the allegedly unlawful act is [under]taken, a reasonable official would understand that what he is doing violates that right;" and "in the light of pre-existing law the unlawfulness must be apparent." Mendoza v. Block, 27 F.3d 1357, 1361 (9th Cir. 1994) (quotations omitted). Therefore, regardless of whether the constitutional

violation occurred, the officer should prevail if the right asserted by the plaintiff was not "clearly established" or the officer could have reasonably believed that his particular conduct was lawful. <u>Romero</u>, 931 F.2d at 627.

Taking the facts plead in the First Amended Complaint to be true, the Plaintiff has alleged a violation of her constitutional rights, and those rights were clearly established at the time of the alleged violation. "[T]he First Amendment prohibits government officials from subjecting individuals to 'retaliatory actions' after the fact for having engaged in protected speech." <u>Adams v. Cnty. of Sacramento</u>, 116 F.4th 1004, 1010 (9th Cir. 2024) (quoting <u>Nieves v. Bartlett</u>, 587 U.S. 391, 398 (2019)). In analyzing First Amendment retaliation claims brought by government employees, courts employ the familiar test established in <u>Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois</u>, 391 U.S. 563 (1968). Under the <u>Pickering</u> framework, it is the plaintiff's burden to establish that "(1) she spoke on a matter of public concern; (2) she spoke as a private citizen rather than a public employee; and (3) the relevant speech was a substantial or motivating factor in the adverse employment action." <u>Barone v. City of Springfield</u>, 902 F.3d 1091, 1098 (9th Cir. 2018). "If [a plaintiff] establishes such a prima facie case, the burden shifts to the government to demonstrate that (4) it had an adequate justification for treating [the employee] differently than other members of the general public; or (5) it would have taken the adverse employment action even absent the protected speech." <u>Id.</u>

**i.    Matter of Public Concern**

"In evaluating the First Amendment rights of a public employee, the threshold inquiry is whether the statements at issue substantially address a matter of public concern." <u>Roe v. City and County of San Francisco</u>, 109 F.3d 578, 584 (9th Cir. 1997) (citing <u>Allen v. Scribner</u>, 812 F.2d 426, 430 (9th Cir. 1987)); <u>see also</u>, <u>City of San Diego v. Roe</u>, 543 U.S. 77, 84 (2004) (per curiam).

To determine "[w]hether an employee's speech addresses a matter of public concern," we consider "the content, form, and context of a given statement" <u>Connick v. Myers</u>, 461 U.S. 138, 147–48 (1983). We assess whether an employee's speech involves a

matter of public concern "at the time of publication." <u>City of San Diego</u>, 543 U.S. at 84.

We have long recognized "the importance of allowing teachers to speak out on school matters." <u>Connick</u>, 461 U.S. at 162. Specifically, courts have held that teachers expressing opinions "as to how funds allotted to the operations of the school should be spent" are important because "[t]eachers are, as a class, the members of a community most likely to have informed and definite opinions" on such matters. <u>Settlegoode v. Portland Pub. Sch.</u>, 371 F.3d 503, 514 (9th Cir. 2004) (quoting <u>Pickering</u>, 391 U.S. at 572). The Court in <u>Pickering</u> went on to state that "it is essential that [teachers] be able to speak out freely on such questions without fear of retaliatory dismissal." 391 U.S. at 572. Accordingly, courts have long held that teachers speaking on issues of funds allocation are speaking on matters of public concern. <u>See</u> <u>Keyser v. Sacramento City Unified Sch. Dist.</u>, 238 F.3d 1132 (9th Cir.), <u>opinion amended and superseded on denial of reh'g,</u> 265 F.3d 741 (9th Cir. 2001).

Therefore, the Court finds that Plaintiff was speaking on a matter of public concern when she rose her issues with TESD's use of funds.

### ii.    Speaking as a Private Citizen

The Ninth Circuit has held that a public employee speaks as a private citizen "if the speaker 'had no official duty' to make the questioned statements, or if the speech was not the product of 'performing the tasks the employee was paid to perform." <u>Ellins v. City of Sierra Madre</u>, 710 F.3d 1049, 1058 (9th Cir. 2013) (quoting <u>Eng v. Cooley</u>, 552 F.3d 1062, 1071 (9th Cir. 2009)). Defendants do not contest that Plaintiff was speaking as a private citizen, nor does the Court find that Plaintiff has failed to plead that she was speaking as such when her statements were made. As a teacher, it is not within Plaintiff's paid role to raise issues as to the expenditure of government provided funds. Therefore, the Court finds that Plaintiff was speaking as a private citizen, as alleged in the Complaint.

### iii.   The Relevant Speech was a Substantial or Motivating Factor in Adverse Employment Action.

Plaintiff alleges that, as communicated to her, the decision not to renew her contract was based on the statements she made regarding the expenditures of funds. (Doc. 1) exhibit

4 at ¶ 46. In Defendants' briefings on their Motion for Judgement on the Pleadings, Defendants do not attempt to demonstrate that they had "adequate justification for treating [the employee] differently than other members of the general public; or [whether] it would have taken the adverse employment action even absent the protected speech." <u>City of Springfield</u>, 902 at 1098. Nor, at this stage of the proceedings, are Defendants contesting that Plaintiff has adequately plead this element of an unconstitutional retaliatory adverse employment action.

Therefore, taking the Complaint in a light most favorable to the Plaintiff, the Court finds that Plaintiff has adequately plead that her constitutionally protected speech was a substantial or motivating favor in the adverse employment action. As the speech was regarding a public matter, and made in Plaintiff's private capacity, the Court finds Plaintiff has adequately plead a violation of her First Amendment rights.

However, to defeat Defendants' claim of qualified immunity, Plaintiff must still show how each individually named Defendant's personal conduct violated her constitutional rights. <u>Pearson</u>, 555 U.S. at 223, 230–32, 235-36. If Plaintiff cannot show such action for an individual Defendant, then that Defendant would be entitled to qualified immunity and the Court will grant the Motion for Judgement on the Pleadings as to that Defendant. In answering such questions, the Court is cognizant of the Ninth Circuit's statement that "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." <u>Defrancesco v. Arizona Bd. of Regents</u>, No. 21-16530, 2023 WL 313209 (9th Cir. 2023) (citing <u>Keates v. Koile</u>, 883 F.3d 1228, 1234 (9th Cir. 2018)). "If the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward with their claims.'" <u>Keates</u>, 883 F.3d at 1234 (quoting <u>Pelletier v. Fed. Home Loan Bank of San Francisco</u>, 968 F.2d 865, 872 (9th Cir. 1992)).

**A. Defendant Roa**

Plaintiff's First Amended Complaint alleges that during the relevant time of the suit,

Defendant Roa was employed by TESD and serving in the capacity of Executive Director of Business Services and serving as a member of the TESD Governing Board. (Doc. 1) exhibit 4 at ¶ 6. Plaintiff alleges that she met with Defendant Roa at budget meetings on three separate dates: September 8, September 15, and September 22. Id. at ¶¶ 34, 36, 36. At these meetings, Plaintiff states she rose issues with the allocation of state and Federal funds, questioned TESD's efforts to retain students and teachers, asked why new hires were being paid higher salaries than more tenured teachers, and raised the need to give raises to teachers and staff in the upcoming year.

As an initial matter, Defendants contest that Defendant Roa was a member of the TESD Governing Board. Defendants include in their Reply a footnote embedding a weblink to TESD's website, which is stated the include Governing Board minutes and agendas, which Defendants state demonstrate that Defendant Roa was not a board member at any relevant time. (Doc. 17) at 5. The Court does not find it necessary to determine whether it can take judicial notice of this alleged fact, as it does not find it relevant as to whether Defendant Roa was a member of the Governing Board at a relevant time. The Complaint contains no allegation as to how Defendant Roa acted in her alleged role as member of the Governing Board. The only alleged acts conducted by Defendant Roa, as laid out in the Complaint, are those mentioned above. There is no allegation as to what Defendant Roa communicated to the Governing Board or how Defendant Roa voted on the resolution not to renew Plaintiff's contract.

The Court finds that Defendant Roa is entitled to qualified immunity. Plaintiff alleges no specific acts by Defendant Roa that can be seen as a violation of Plaintiff's rights. Defendant Roa was simply present at meetings in which Plaintiff is alleged to have voiced her opinion on certain matters. The absence of specifics is significant because, to establish individual liability under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiff attempts to allege further facts implicating Defendant Roa in her Response to Defendants' Motion for Judgement on the

Pleadings, but these facts cannot be considered by the Court in ruling on the Motion. AE ex rel. Hernandez, 666 F.3d at 636. If it were, otherwise, the Court would not be persuaded, as the allegations do not rise above, "bald" and "conclusory" statements, which the Supreme Court, in Iqbal, directing this Court to disregard.

Therefore, as Defendant Roa is entitled to qualified immunity, the Motion for Judgement on the Pleadings is granted as to Defendant Roa.

**B. Defendant Mayes**

Plaintiff's First Amended Complaint alleges that during the relevant time of the suit, Defendant Mayes was employed by TESD as a Human Resource Administrator. (Doc. 1) exhibit 4 at ¶ 4. Plaintiff alleges that Defendant Mayes was present at the three budgetary meetings described above, where Plaintiff stated issues with the administration to Defendant Roa. Id. at ¶¶ 34, 36, 37. Further, Plaintiff states that on January 26, 2023, Defendant Mayes met with Plaintiff and informed her that Plaintiff's contract was not to be renewed for the following school year, and asked Plaintiff to resign that day to avoid being added to the list for non-renewal. Id. at ¶¶ 43, 45. Defendant Mayes is asserted to have told Plaintiff that she was not being renewed due to Plaintiff "not supporting the district" and "being negative," and asserted that Plaintiff was not entitled to due process. Id. at ¶¶ 46, 47. Finally, on January 30, 2023, Defendant Mayes is stated to have delivered a note to Plaintiff, from Defendant Hightower, providing the Plaintiff with formal notice of Defendant Hightower's recommendation to the governing board to not renew Plaintiff's contract. Id. at ¶ 50.

Again, Plaintiff has failed to allege any act by Defendant Mayes that can be reasonably construed as a violation of her constitutional rights. While Defendant Mayes is alleged to have communicated the decision to not renew Plaintiff's contract, she is not alleged in the First Amended Complaint to be responsible for this decision. Further, while Defendant Mayes is alleged to have told Plaintiff that she is not entitled to due process, she is not alleged to be responsible for Plaintiff not receiving due process in the instant events. Moreover, it is not clear that Plaintiff was entitled to the "due process" hearings that

Defendant Mayes was likely referencing, as Plaintiff was a retired teacher returning to work. A.R.S. § 38-766.01(A)(3).

Elaborating on the alleged denial of due process, Plaintiff states in her response that "[a] decision not to rehire an individual is improper if it is made by reason of that person's exercise of constitutionally protected rights." (Doc. 16) at 16 (quoting Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977)). Plaintiff also points to Perry v. Sindermann, 408 U.S. 593 (1972), where the Supreme Court states that "[w]here fundamental rights have allegedly been violated, a plaintiff's probationary status is completely irrelevant." Id. at 597-98

While this may be true, it speaks to the merits of the underlying retaliation claim rather than the status of Defendant Mayes' qualified immunity claim. As stated above, the Court has already recognized that Plaintiff has adequately pled a violation of her constitutional rights. The question the Court is presented with at this junction is narrowly whether Defendant Mayes undertook any personal actions that violated the constitutional rights of Plaintiff.

Plaintiff adds further accusations against Defendant Mayes in her Response to the Motion for Judgement on the Pleadings. (Doc. 16) at 16. Specifically, Plaintiff asserts "Defendant Mayes initiated the retaliatory actions taken against Plaintiff and directly opposed Defendant's free speech by labeling it as negative and not being supportive TESD." Id. These additional facts are not plead in the First Amended Complaint, which does not indicate that the non-renewal of Plaintiff's contract was initiated by Defendant Mayes, nor that the characterization of her speech as "negative" or "unsupportive" came directly from Defendant Mayes, rather the complaint indicates that these words only were communicated to Plaintiff through Defendant Mayes.

At the Motion for Judgement on the Pleadings stage, the Court is limited to evaluating the sufficiency of the claim as stated in the pleadings. Therefore, these additional allegations may not be considered. If it were, otherwise, the Court would not be persuaded, as the allegations do not rise above, "bald" and "conclusory" statements, which

the Supreme Court, in <u>Iqbal</u>, directing this Court to disregard. Therefore, the Court finds that Defendant Mayes is entitled to a qualified immunity defense, as Plaintiff does not sufficiently allege the Defendant to have taken actions leading to the violation of Plaintiff's constitutional rights. The Motion for Judgement on the Pleadings as to Defendant Mayes in her individual capacity is granted.

**C. Defendant Hightower**

Plaintiff's First Amended Complaint alleges that during the relevant time of the suit, Defendant Hightower was employed as the Superintendent of TESD, along as a member of the TESD Governing Board. (Doc. 1) exhibit 4 at ¶ 8. Plaintiff alleges that Defendant Hightower made the recommendation to the Governing Board not to renew Plaintiff's contract for the 2023-2024 school year, citing "staff ethics' violations. <u>Id.</u> at ¶ 50.

Taking the Complaint in a light most favorable to the Plaintiff, the Court cannot grant the Motion for Judgement on the Pleadings as to Defendant Hightower in her personal capacity, as the Court cannot, at this time, find that Defendant Hightower enjoys qualified immunity in this action. The First Amended Complaint alleges that it was Defendant Hightower, personally, who recommended Plaintiff's contract to not be renewed. Plaintiff has adequately alleged this to be a violation of her First Amendment rights, as discussed above. Therefore, Plaintiff has pled a direct action of Defendant Hightower violated her constitutional rights, that were well-established at the time of the alleged violation. Although the Complaint does not clearly articulate Defendant Hightower's knowledge of Plaintiff's statements, it would be improper to grant qualified immunity at this stage of the proceedings. <u>See</u> <u>Keates</u>, 883 F.3d at 1234

The Court does not find the need to address the pleadings against Defendant Hightower in her alleged role as a member of the Governing Board at the time, as Defendant Hightower's actions in her role of Superintendent are sufficiently pled to negate a finding of qualified immunity at this time. The Court denies the Motion for Judgement on the Pleadings as to Defendant Hightower in her personal capacity.

///

V.    CLAIMS FOR PUNITIVE DAMAGES

Defendants state that punitive damages are not available for Plaintiff's 42 U.S.C. § 1983 claim against TESD or against any individual Defendant while acting in their official capacity. While Plaintiff concedes this to be the case, she states that if the individual Defendants are found liable in their individual capacity, then punitive damages would be available.

The only two remaining Defendants in this action are Defendant TESD and Defendant Hightower, in her individual capacity. The punitive damages claim against Defendant TESD cannot go forward. See 42 U.S.C. § 1981a(b)(1) (barring recovery of punitive damages against a political subdivision). Plaintiff may, however, seek punitive relief from Defendant Hightower as she has sufficiently pled that Defendant's conduct was "motivated by evil motive or intent, or ... involve[d] reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Accordingly, Defendants' motion to dismiss Plaintiff's claim for punitive damages from Defendant TESD is granted while Defendants' motion to dismiss Plaintiff's claim for punitive damages from Defendant Hightower is denied.

Accordingly,

**IT IS ORDER granting in part, and denying in part,** Defendants' Motion for Judgement on the Pleadings (Doc. 13).

**IT IS FURTHER ORDERED granting** the Motion as to the TESD Governing Board, and dismissing Plaintiff's Claim against Defendant Tolleson Elementary School District No. 17 of Maricopa County Governing Board, with prejudice.

**IT IS FURTHER ORDERED granting** the Motion as to Defendants Roa, Mayes, and Hightower, in their official capacity, with prejudice.

**IT IS FURTHER ORDERED granting** the Motion as to Defendant Roa and Defendant Mayes, in their individual capacity, with prejudice.

**IT IS FURTHER ORDERED granting** the Motion as to the punitive damages claim against Defendant Tolleson Elementary School District No. 17 of Maricopa County.

**IT IS FURTHER ORDERED** directing the clerk of the Court to terminate this action as to Defendant TESD Governing Board, Defendant Roa, and Defendant Mayes.

**Dated this 7th day of March, 2025.**

Stephen M. McNamee
Senior United States District Judge